*199 OPINION.
Steenhagen :
In 1923 the petitioner exchanged the property, consisting of the business assets and leasehold interest, which he had received from Mrs. Wyman in fulfillment of the preexisting contract, for, among other things, stock in the new corporation. By section 202 (c), Revenue Act of 1921, no gain is recognized “ unless the property received has a readily realizable market value.” The respondent determined that the stock received by petitioner had a readily realizable market value equal to its par value, and raised the income by $30,000. In our opinion, the evidence of petitioner comprehended in the foregoing findings of fact clearly establishes that the value of the stock was not in fact a readily realizable market value, and hence under section 202 (c) no gain shall be recognized. It is not necessary to analyze the legal effect of the agreement for the restricted ownership and disposition of the stock, for the question whether property has a readily realizable market value is primarily one of fact to be determined from a practical consideration of all the circumstances; and whether the restriction be enforceable or not, its existence with whatever it economically entails can not be ignored. Even if wholly unenforceable, or for some other reason beyond consideration, there is, in our opinion, ample evidence otherwise that the value could not be readily realized. Nor is it important that the receipt by petitioner of the supplemental shares has an historical explanation in the earlier treatment of the depreciation account.
The respondent was in error in including $30,000 in petitioner’s income as gain from the exchange, and the deficiency should be redetermined accordingly.
Reviewed by the Board.

Judgment will he entered under Rule 50.